McGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:20-MC-00057-KJM-DB |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $39,500.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On October 15, 2019, agents with the Drug Enforcement Administration ("DEA") contacted Courtney Esterine ("Esterine" or "claimant") at the Sacramento International Airport in Sacramento, California. Approximately $39,500.00 in U.S. Currency ("defendant currency") was seized from Esterine during this encounter.

2. The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about December 24, 2019, DEA received a claim from Esterine asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on October 15, 2019, agents with the DEA received information regarding suspicious travel by Esterine, including the timing and manner of his ticket purchase. Law enforcement agents responded to the terminal, observed Esterine

exit the flight, and made contact with him in the baggage claim area. Esterine approached the law enforcement officer and stated that the luggage they were holding was his.

4. The United States represents that it could further show at a forfeiture trial that the agents located Esterine's luggage in the outdoor baggage drop-off area and searched its contents pursuant to a consensual search. Agents found numerous stacks of U.S. Currency comprised of various denominations stuffed within the pockets of several pairs of pants and shorts. Law enforcement asked Esterine how much cash he was travelling with total and Esterine stated it was about "$20,000.00." In total, law enforcement found $39,500.00 inside the pants and shorts. Law enforcement asked Esterine why he had the money hidden like that and Esterine said that he thought he would get stopped so he was trying to hide it like that. Only some of the bundles of money were wrapped in plastic wrap and Esterine said he got tired of doing it after several bundles so he stopped and just hid it in the clothes. Law enforcement asked Esterine if the money hidden inside the suitcase was his and he said it was. Esterine advised that he pays taxes for the money he earns and that he had earned the money by doing taxes and scalping tickets. Esterine agreed to speak to law enforcement regarding the contents of the checked luggage.

5. The United States represents that it could further show at a forfeiture trial that Esterine and law enforcement spoke regarding the cash found in the suitcase. Law enforcement asked Esterine what was the purpose of his travel and Esterine stated that he lived in Florida and does taxes and scalps tickets for a business out there. He stated that he was traveling to Sacramento with the money to try and open a tax office here. He said that a friend had advised it would be a good place to open one and he was going to look for a building over the next couple weeks. Law enforcement asked Esterine if he had contacted any real estate people to look for buildings or researched it at all and he said he had not. Esterine stated he operates a tax preparation business named "First Combined Tax" in Lakeland, Florida. "First Combined Tax" is not registered with the Florida Secretary of State as a business. Moreover, Esterine is not a registered tax preparer within the IRS Directory of Federal Tax Return Preparers with Credentials and Select Qualifications. Law enforcement confirmed Esterine's has a criminal drug-related arrest history in Florida. Specifically, Esterine was arrested for Possession of Marijuana with Intent to Sell; Possession of Marijuana; Marijuana Distribution, Possession of More than 20 Grams of Marijuana; Aggravated Battery; and Obstructing Justice.

6. The United States represents that it could further show at a forfeiture trial that a drug detection dog alerted to the smell of narcotics on the cash seized from Esterine's luggage.

7. The United States represents that it could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

8. Without admitting the truth of the factual assertions contained above, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Courtney Esterine acknowledged that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

9. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

10. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

11. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $24,500.00 of the Approximately $39,500.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $15,000.00 of the Approximately $39,500.00 in U.S. Currency shall be returned to claimant Courtney Esterine through his attorney Peter S. Herrick.

4.      The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Claimant waived the provisions of California Civil Code § 1542.

5.      No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6.      All parties will bear their own costs and attorney's fees.

7.      Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

DATED:  January 11, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE